## IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

ROBERT C. DAVIS, SR., Administrator
of the Estate of ESTHER DAVIS,
Deceased,

     Plaintiff,

v.

SOLARIS OILFIELD SITE SERVICES
OPERATING, LLC, a Foreign Entity; and
MARC GOMEZ, an Individual,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL DIVISION

No. 2018-5996

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of:
PLAINTIFF

Counsel of Record:

Gary J. Ogg
PA ID #34515

David Kennedy Houck
PA ID #202280

Eve M. Elsen
PA ID #309653

**Ogg, Murphy & Perkosky, PC**
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500
Firm #568

**JURY TRIAL DEMANDED**



EXHIBIT
B

## IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

ROBERT C. DAVIS, SR., Administrator )   CIVIL DIVISION
of the Estate of ESTHER DAVIS, )
Deceased, )   No. 2018-5996
                         )
      Plaintiff, )
                         )
      v. )
                         )
SOLARIS OILFIELD SITE SERVICES )
OPERATING, LLC, a Foreign Entity; and )
MARC GOMEZ, an Individual, )
                         )
      Defendants. )
                         )
                         )

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE OFFICE SET FORTH BELOW MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

**WASHINGTON COUNTY BAR ASSOCIATION**
**119 S. COLLEGE STREET**
**WASHINGTON, PA 15301**
**724.225.6710**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY,
PENNSYLVANIA

| | |
|---|---|
| ROBERT C. DAVIS, SR., Administrator of the Estate of ESTHER DAVIS, Deceased, ) ) ) ) | CIVIL DIVISION |
| Plaintiff, ) ) ) | No. 2018-5996 |
| v. ) ) ) | |
| SOLARIS OILFIELD SITE SERVICES OPERATING, LLC, a Foreign Entity; and MARC GOMEZ, an Individual, ) ) ) ) ) | |
| Defendants. ) ) ) ) | |

## PLAINTIFF'S COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Robert C. Davis, Administrator of the Estate of Esther Davis, deceased, by and through undersigned counsel, and sets forth the following Complaint in Civil Action:

### Parties

1.      Plaintiff, ROBERT C. DAVIS (hereinafter "Plaintiff"), is an adult individual and Administrator of the Estate of Esther Davis (hereinafter "Decedent"); maintaining an address of 12 Arch Street, Canonsburg, Washington County, Pennsylvania 15317.

2.      On or about September 20, 2018, Plaintiff was appointed Administrator of the Estate of Decedent, by the Register of Wills, in and for the County of Washington in the Commonwealth of Pennsylvania. (See, Exhibit "1").

3.      Plaintiff, as Administrator of the Estate of Decedent, brings this action on his own behalf and on behalf of all persons entitled to recover damages under a wrongful death and survival action for Decedent, pursuant to Pa.C.S. §8301 and Pa.C.S. §8302.

4.      Persons entitled to recover damages for Decedent's wrongful death and survival actions and their relationship to the Decedent include:

      a.   Robert C. Davis – Husband

      b.   Robert C. Davis, Jr. – son; and

3

c.  Lauren Nicole Richardson – daughter.

5.      During her lifetime, Decedent did not commence any action to recover damages for the injuries that caused her death, and no other action has been filed to recover damages for the wrongful death and survival claims of Decedent.

6.      Based upon information and belief, Defendant, SOLARIS OILFIELD SITE SERVICES OPERATING, LLC (identified hereinafter as "Solaris"); is a foreign entity, registered to trade and conduct business in the Commonwealth of Pennsylvania; incorporated under the laws and privileges of the State of Texas; maintaining a principal office address of 9811 Katy Freeway, Suite 900, Houston, Texas 77024-1283; and Registered Agent through The National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.      Based upon information and belief, Defendant, MARC GOMEZ ("Gomez"), is an adult individual residing at 8811 Silent Oaks, San Antonio, Texas 78250; and, at all times relevant hereto, Defendant Gomez was the driver, sole occupant and the employee, agent and/or assign of the Defendant Solaris.

**Factual Background**

8.      At all times relevant hereto, based upon information and belief, the facts and occurrences stated below took place on or about September 6, 2018, at approximately 4:25 p.m., at or near, Mile Marker 43 ("MM 43"), Interstate Route-79 North ("I-79 N"), Canonsburg, Washington County, Pennsylvania.

9.      At all times relevant hereto, based upon information and belief, it is averred that prior to the subject accident at issue, Defendant Gomez and Defendant Solaris knew or had reasons to know that Defendant Gomez was subject to a medical condition in the course of which he was likely to lose consciousness and/or the physical capacity to control a motor vehicle.

10.     At all times relevant hereto, the actions or inactions of Defendant Gomez caused a fatal chain reaction resulting in a catastrophic collision involving three (3) motor vehicles traveling at highway speeds.

11.     At all times relevant hereto, Defendant Gomez was driving a 2018 Ford F-150 pickup truck (hereinafter "Unit 1") with the consent and permission of Defendant Solaris, whether expressed or implied, relating to his duties, job, and work that Defendant Solaris had assigned; and therefore, was working in the course and scope of his employment when the subject motor vehicle accident occurred; Defendant Solaris is, therefore, responsible for Defendant Gomez's fault and negligence.

12.     At all times relevant hereto, Defendant, Gomez was traveling in Unit 1 in the right travel lane of Interstate Route-79 South, at or near MM 43, when he merged into the left lane, accelerated, and abruptly swerved west across the grass median in a perpendicular angle toward the northbound lanes of travel on Interstate-79 North (hereinafter "I-79 N").

13.     At all times relevant hereto, Ms. Kerstin J. Atzler, (a non-party), was operating a 2015 Honda Pilot (hereinafter "Unit 2"), and traveling in the left travel lane of I-79 N and slightly ahead of Decedent, who was operating her own vehicle, a 2014 Nissan Versa (hereinafter "Unit 3"), and traveling safely and non-negligently in the right travel lane of I-79 N.

14.     At all times relevant hereto, Defendant, Gomez owed a duty of care to others, generally; and to Decedent, specifically, to operate Unit 1 in a safe and reasonable manner, and to obey all traffic laws and traffic control devices.

15.     At all times relevant hereto, Defendant, Gomez crossed the center grass median and entered I-79 N from the west, suddenly and unexpectedly, thereby interjecting Unit 1 into the path of, and violating the right-of-way for, Unit 2, which was traveling at highway speeds.

16.     At all times relevant hereto, Unit 2 attempted to avoid contact with Unit 1 by braking and maneuvering left; however, without sufficient time or opportunity to avoid a collision, Unit 2 slammed into Unit 1 in the 4 o'clock position.

17.     At all times relevant hereto, the impact caused Unit 1 to rotate clockwise until its 2 o'clock position interjected into the path of, and violated the right-of-way for, Unit 3.

18.    At all times relevant hereto, Unit 1 smashed into the 11 o'clock position of Unit 3, operated by Decedent, thereby causing Units 1 and 3 to rotate further and skid from the roadway onto the eastern shoulder of I-79 N.

19.    At all times relevant hereto, Unit 1 came to final rest partially on the eastern shoulder of I-79 N and facing east; Unit 2 came to final rest in the grass median and facing north; and, Unit 3 came to final rest on the eastern shoulder of I-79 N and facing west.

20.    At all times relevant hereto, all three (3) Units sustained severe and disabling damage.

21.    At all times relevant hereto, Defendant, Gomez, with wanton disregard for the welfare and safety of others, generally; and, Decedent, specifically, did knowingly operate Unit 1 while subject to a medical condition in the course of which he was likely to lose consciousness and/or the physical capacity to control a motor vehicle.

22.    At all times relevant hereto, Unit 1 being operated by Defendant Gomez was required to yield the right-of-way to Decedent's motor vehicle; however, Defendant Gomez wantonly, outrageously and recklessly, and with a conscious disregard for the risk of harm to Decedent and others, proceeded, without stopping, across the grass median and interjected Unit 1 into the right-of-way of oncoming traffic traveling on I-79 N.

23.    At all times relevant hereto, and due to the negligence, carelessness, and/or recklessness of, Defendant Gomez, Unit 1, being operated by Defendant Gomez and, which was owned, co-owned and/or controlled by Defendant Solaris, interjected, suddenly and unexpectedly, into the right-of-way of oncoming traffic on I-79 N, eventually colliding with Unit 3, operated by Decedent.

24.    At all times relevant hereto, the impact from Unit 1 caused Decedent to suffer massive, traumatic and life-ending injuries.

25.    At all times relevant hereto, as a result of the extensive and traumatic injuries, Decedent was pronounced dead at the scene.

## COUNT I

## WRONGFUL DEATH

### ROBERT C. DAVIS, Administrator of the Estate of Esther Davis, Deceased v. SOLARIS OILFIELD SITE SERVICES OPERATING, LLC

26.     Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27.     Defendant Solaris had a duty and responsibility to Decedent, motorists, and the public to ensure their safety while Defendant Solaris's agents, assigns, ostensible assigns, servants, and/or employees were operating a company vehicle/instrumentality on public roadways.

28.     Defendant Solaris had a duty to establish policies and procedures that agents, assigns, ostensible assigns, servants, and/or employees would conform their conduct and health while operating Unit 1, owned and/or maintained by Defendant Solaris.

29.     Defendant Solaris had a duty to select, retain, and/or hire safe, healthy and competent agents, assigns, ostensible assigns, servants, and/or employees to ensure that cautious and responsible transportation occurred at all times and/or without risk of a sudden medical emergency from a known medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate a motor vehicle.

30.     Defendant Solaris had a duty to oversee, supervise, and coordinate the efforts, and confirm the health of all agents, assigns, ostensible assigns, servants, and/or employees within the company to ensure the safety of Decedent, motorists, and the public while its employees were acting within the scope of their agency and/or employment.

31.     Defendant Solaris acted through its duly authorized agents, assigns, ostensible assigns, servants, and/or employees who conducted themselves within the scope of their agency and/or employment.

32.     At all times relevant hereto, Unit 1 was being operated by agents, assigns, ostensible assigns, servants, and/or employees of Defendant Solaris while on the business of Defendant Solaris and while acting within the scope of their authority.

33.    The crash occurred because Defendant Solaris's agents, assigns, ostensible assigns, servants, and/or employees operated Unit 1 in a reckless, careless and negligent manner by attempting to drive on a highway when, at all times relevant hereto, Defendant Gomez was subject to a sudden medical emergency from a known medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate a motor vehicle.

34.    At all times relevant hereto, Defendant Gomez was the agent, representative, servant, assign and/or employee conducting business on behalf of Defendant Solaris.

35.    Defendant Solaris and its agents, assigns, ostensible assigns, servants, and/or employees, were negligent and careless in some or all of the following particulars:

    a.  In failing to recognize and/or appropriately screen the health of its agents, assigns, ostensible assigns, servants and/or employees for medical conditions likely to result in a loss of consciousness and/or the physical capacity to safely operate a motor vehicle;

    b.  In allowing agents, assigns, ostensible assigns, servants and/or employees to operate a motor vehicle without first screening and/or testing for medical conditions likely to result in a loss of consciousness and/or the physical capacity to safely operate a motor vehicle;

    c.  In failing to be aware of, update and/or follow the general health and well-being of agents, assigns, ostensible assigns, servants and/or employees, charged with care, custody, control and operation of company vehicles;

    d.  In failing to stop Unit 1 from suddenly and unexpectedly interjecting into the right-of-way of oncoming traffic;

    e.  In driving Unit 1 unsafely, dangerously and with a wanton disregard for the rules and regulations of the Pennsylvania Motor Vehicle Code; and, specifically, in violation of 75 Pa.C.S. §3324(A) (Vehicle entering or crossing roadway).

    f.  In failing to stop and/or steer Unit 1 so as to avoid a collision with Decedent or others;

    g.  In failing to recognize the danger of carelessly, recklessly and negligently driving suddenly and unexpectedly into the right-of-way of oncoming traffic on a limited access roadway with vehicles traveling at highway speeds;

    h.  In negligently operating Unit 1 into oncoming traffic;

i.  In failing to stop Unit 1 before entering the roadway while knowing or having reason to know of the dangers in proceeding in such a careless, reckless and negligent manner;

j.  In failing to avoid the collision by slowing Unit 1 to a safe and appropriate speed;

k.  In failing to stop Unit 1 or take other appropriate action so as to avoid the collision;

l.  In failing to be aware of surroundings, such that the rate of speed and conscious disregard of traffic regulations created an unreasonable risk of harm to others; and specifically by traveling directly into the path of and violently striking Decedent's vehicle;

m.  In operating Unit 1 in a dangerous, careless and negligent manner and with a conscious disregard for traffic regulations by driving suddenly and unexpectedly into the right-of-way of oncoming traffic on a limited access roadway with vehicles traveling at highway speeds, so as to cause or allow Unit 1 to strike and/or collide with Decedent's vehicle;

n.  In failing to notice the position of other vehicles, generally; and, Decedent, specifically, in sufficient time to prevent the collision;

o.  In failing to use the horn so as to make Decedent and other motorists aware of Unit 1's position;

p.  In carelessly and negligently maneuvering Unit 1 across a grass median separating traffic on a limited access roadway;

q.  In negligently, suddenly and unexpectedly steering Unit 1 into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

r.  In failing to use due care by operating Unit 1 and acting without any regard for the rights and safety of Decedent and other drivers traveling near or around Unit 1;

s.  In failing to observe with reasonable care the traffic conditions, including failing to observe speed, angle of approach, and traffic regulations;

t.  In allowing attention and awareness to be diverted from the roadway at the aforementioned time;

u.  In operating Unit 1 in such a careless and negligent manner in a direction of travel that constituted a conscious disregard of traffic regulations by suddenly and unexpectedly steering Unit 1 into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

v.  In failing to properly and adequately control Unit 1;

w. In driving Unit 1 suddenly and unexpectedly into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

x. In failing to keep a proper lookout;

y. In failing to safely and properly bring Unit 1 to a complete stop prior to interjecting suddenly and unexpectedly into the right-of-way of oncoming traffic;

z. In losing control of Unit 1;

aa. In continuing to operate Unit 1 in a reckless and dangerous manner after losing control;

bb. In continuing to operate Unit 1 while knowing or having reason to know, in the exercise of reasonable care, that further operation would result in a dangerous collision;

cc. In failing to operate Unit 1 in conformity with the Pennsylvania Motor Vehicle Code so as to avoid the creation of a dangerous situation for others generally, and Decedent specifically;

dd. In failing to comply with the rules and regulations relevant to the legal operation of a motorized vehicle on public roadways; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway);

ee. In failing to operate Unit 1 in compliance with existing motor vehicle laws and traffic conditions while knowing or having reasons to know that driving suddenly and unexpectedly into the right-of-way of oncoming traffic could result in serious bodily injury or death from a collision;

ff. In failing to comply with the standard of care established by the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway), so as to avoid against the unreasonable risk of harm to others from a collision;

gg. In operating a Unit 1 below the standard of care established by the Pennsylvania Motor Vehicle Code; and

hh. In violating the provisions of the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway).

36.    At all times relevant hereto, Defendant Solaris owed a duty to Decedent, motorists and the public to supervise the safe and non-negligent operation of Unit 1.

37.     At all times relevant hereto, Defendant Solaris failed to supervise Defendant Gomez's operation of Unit 1 and/or ensure it was operated with the skill, care and prudence ordinarily exhibited by a reasonable motor vehicle operator.

38.     At all times relevant hereto, Defendant Solaris negligently, recklessly and carelessly disregarded and/or failed to hire and/or train Defendant Gomez to ensure he possessed and/or exercised the skill, care and prudence ordinarily exhibited by a reasonable motor vehicle operator.

39.     At all times relevant hereto, Defendant Solaris negligently, recklessly and carelessly disregarded and/or failed to supervise and/or monitor the general health and driving performance of Defendant Gomez while traveling on the aforementioned roadway.

40.     The negligence, recklessness and carelessness of Defendant Solaris further consisted of, but is not limited to:

    a. In failing to supervise and/or monitor Defendant Gomez's driving performance to ensure he traveled safely and non-negligently along the roadway;

    b. In failing to supervise/monitor Defendant Gomez's driving performance to ensure he was compliant with posted roadway signage, traffic control devices and/or roadway restrictions;

    c. In failing to monitor Defendant Gomez's driving performance and health to ensure, at all times relevant hereto, he was healthy and competent to engage in the safe and reasonable operation of a motor vehicle;

    d. In failing to supervise/monitor Defendant Gomez's driving performance and health when Defendant Solaris knew or had reason to know that such unsupervised/unmonitored actions were unsafe and dangerous when conducted with a conscious disregard for the rules and regulations governing the safe operation of a motor vehicle;

    e. In failing to supervise/monitor Defendant Gomez's driving performance and health so as to ensure his conduct would not create a foreseeable risk of harm to others;

    f. In failing to hire and/or train Defendant Gomez to be cognizant of the danger posed to himself and others when disregarding motor vehicle regulations;

    g. In failing to hire and/or train Defendant Gomez on how to safely and non-negligently operate his motor vehicle;

h. In failing to train and/or supervise Defendant Gomez to recognize his surroundings and/or dangers from his medical condition, such that he did not consciously disregard traffic safety and regulations;

i. In allowing Defendant Gomez to operate Unit 1 in a dangerous and reckless manner;

j. In failing to instruct Defendant Gomez to use his lights and horn to make others generally, and Decedent, specifically, aware of his position;

k. In carelessly, recklessly and negligently allowing Defendant Gomez to maneuver Unit 1 in such a way that it was improperly on the roadway;

l. In failing to prevent Defendant Gomez from negligently operating Unit 1 into Decedent's vector of travel;

m. In failing to instruct Defendant Gomez to use due care and/or act without any regard for the rights and safety of others while operating Unit 1;

n. In failing to instruct Defendant Gomez on how to exercise reasonable care while driving on a limited access roadway, including failing to observe Decedent's vehicle;

o. In failing to instruct Defendant Gomez to remain focused or allow his attention to be diverted from the roadway ahead;

p. In allowing Defendant Gomez to operate Unit 1 in such a careless, reckless and negligent manner, so as to cause or allow Unit 1 to run into, strike and/or collide with Decedent's vehicle;

q. In failing to properly and adequately train or instruct Defendant Gomez regarding the safe operation of a motor vehicle;

s. In allowing Defendant Gomez to drive on a roadway into oncoming traffic and/or without regard for traffic regulations;

t. In failing to instruct and/or train Defendant Gomez to keep a proper lookout;

u. In failing to instruct and/or train Defendant Gomez to yield the right-of-way;

v. In failing to instruct and/train Defendant Gomez on how to maintain control of Unit 1;

w. In failing to train and/or oversee Defendant Gomez's operation of Unit 1 on the roadway so as to ensure he would avoid the creation of a dangerous situation for other vehicles;

x. In failing to train and/or oversee Defendant Gomez's operation of Unit 1 when Defendant Solaris knew or had reason to know, in the exercise of reasonable care, that his negligent operation of Unit 1 would result in a catastrophic collision;

y. In failing to train and/or oversee Defendant Gomez's operation of Unit 1 so as to avoid the creation of a dangerous situation for other vehicles on the roadway;

z. In failing to train and/or oversee Defendant Gomez's operation of Unit 1 to insure compliance with existing motor vehicle laws and traffic conditions when Defendant knew or had reason to know that a failure to comply could result in a collision;

aa. Failing to maintain Unit 1 in a proper manner;

bb. Permitting Unit 1 to be operated by Defendant Gomez when Defendant Solaris knew or had reason to know that Unit 1 was in a defective condition;

cc. Permitting Unit 1 to be operated by Defendant Gomez without keeping it in a proper state of repair;

dd. In failing to ensure Defendant Gomez was healthy enough to operate Unit 1 in conformity with the Pennsylvania Motor Vehicle Code so as to avoid the creation of a dangerous situation for others generally, and Decedent specifically;

ee. In failing to ensure Defendant Gomez complied with the rules and regulations relevant to the legal operation of a motorized vehicle on public roadways; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway);

ff. In failing to ensure Defendant Gomez operated Unit 1 in compliance with existing motor vehicle laws and traffic conditions while knowing or having reasons to know that interjecting his motor vehicle, suddenly and unexpectedly, into the right-of-way oncoming traffic could result in serious bodily injury or death from a collision;

gg. In failing ensure Defendant Gomez complied with the standard of care established by the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway), so as to avoid against the unreasonable risk of harm to others from a collision;

hh. In allowing Defendant Gomez to operate Unit 1 in manner that was below the standard of care established by the Pennsylvania Motor Vehicle Code; and

ii. In allowing Defendant Gomez to violate the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway).

41.     The crash was directly, proximately and substantially caused by the negligence, recklessness and carelessness of Defendant Solaris and in no way was caused by Decedent.

42.     As a direct, substantial and proximate result of the above acts or omissions of Defendant Solaris, the persons entitled by law to recover damages for Decedent's wrongful death, identified herein, have sustained the following damages and losses:

   a.   Medical expenses for services and supplies incident to the treatment rendered to and subsequent death of Decedent;

   b.   Funeral, cremation, and estate expenses related to Decedent's death;

   c.   Loss and denial of the services, assistance, guidance, and companionship of Decedent;

   d.   Loss of the ability to maintain and sustain any family relationships; and

   e.   Other losses and damages recoverable by law.

WHEREFORE, Plaintiff Robert C. Davis, as Administrator of the Estate of Esther Davis, Deceased, and claim damages against SOLARIS OILFIELD SITE SERVICES OPERATING, LLC, in a sum in excess of the applicable arbitration limits and demands a trial by jury.

## COUNT II

## NEGLIGENT ENTRUSTMENT

### ROBERT C. DAVIS, Administrator of the Estate of Esther Davis, Deceased v. SOLARIS OILFIELD SITE SERVICES OPERATING, LLC

43.     Plaintiff incorporates paragraphs 1 through 42 as if fully set forth herein.

44.     At all times relevant hereto, Defendant Solaris acted through duly authorized assigns, ostensible assigns, servants, and/or employees who conducted themselves within the scope of their agency and/or employment.

45.     At all times relevant hereto, the purposes for which Unit 1 was used and other various factors, combined to create the appearance that Defendant Gomez was an agent, ostensible agent, servant, and/or employee of Defendant Solaris.

46. At all times relevant hereto, Defendant Gomez was so ultimately associated with the functions of Defendant Solaris, that Defendant Solaris controlled or had a right to control his actions. Because of the relationship that existed, Defendant Solaris is liable for the negligence of its agents, ostensible agents, servants, and/or employees including Defendant Gomez.

47. At all times relevant hereto, Defendant Solaris, through its agents, ostensible agents, servants, and/or employees, was negligent and careless in some or all of the following particulars:

    a. In negligently directing, entrusting, commanding, and/or permitting its employee, agent, servant, and/or assign, Defendant Gomez, to operate Unit 1 while having a known medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate Unit 1 safely;

    b. In directing and/or commanding the use of Unit 1 by its agent, servant, assign, and/or employee without undertaking adequate measures to ensure that Defendant Gomez was healthy, capable and/or otherwise competent to operate Unit 1 in a safe and lawful manner;

    c. In failing to instruct employees, agents, and/or assigns with regard to the necessity of safe and permissible driving techniques;

    d. In failing to implement adequate policies and procedures for entrusting vehicles to employees, agents, and/or assigns;

    e. In failing to administer a health directive and/or driving test for all employees, agents, and/or assigns who were entrusted with driving Defendant Solaris's Unit 1;

    f. In failing to administer periodic health, safety and driving tests for all employees, agents, and/or assigns operating a motor vehicle under the care, custody and control of Defendant Solaris;

    g. In directing and/or commanding Defendant Gomez to operate Unit 1 when Defendant Solaris knew or had reason to know that Defendant Gomez was incompetent, of poor health and/or otherwise unable to safely operate a motor vehicle;

    h. In failing to properly investigate Defendant Gomez's driving and health records prior to granting him permissive use of Unit 1 under the care, custody and control of Defendant Solaris;

    i. In failing to properly instruct, train, retain, or supervise its employees in order to ensure the safe and proper inspection, maintenance, and/or repair of its vehicles;

    j. In failing to properly supervise and/or monitor Defendant Gomez with regard to his propensity for negligent, reckless and/or careless driving;

k. In failing to instruct employee, agent, and/or assign of the policies and procedures necessary to prevent parlous driving conditions;

l. In failing to hire, employ, train, supervise, instruct, or retain personnel sufficiently qualified and competent to accomplish proper inspection, maintenance, and repair of its vehicles;

m. In negligently hiring, training, and/or retaining employees who were unable or unwilling to properly maintain, inspect, repair, and operate vehicles in a reasonable and safe manner;

n. In failing to have the vehicle under proper and adequate control;

o. In allowing or permitting the operation of the vehicle such as to create a dangerous situation for Decedent and other motorists/passengers on the roadway;

p. In allowing or permitting the operation of Unit 1 in such a careless and/or negligent manner so as to cause or allow Unit 1 to run into, strike, and/or collide with Decedent's vehicle;

q. In failing to adequately warn, instruct, notify, and protect Decedent and other drivers from the dangers associated with Defendant Solaris's vehicles and/or drivers;

r. In failing to terminate Defendant Gomez's vehicle usage when Defendant Solaris knew or had reason to know of his negligent and/or careless driving techniques and/or poor medical condition;

s. In being vicariously liable for the negligence of agents, servants, assigns, and/or employees;

t. In failing to exercise the degree of reasonable care and acting without sufficient regard for the rights and safety of Decedent, as was required under the circumstances when driving on a limited access roadway with vehicles traveling at highway speeds;

u. In violating the laws of the Commonwealth of Pennsylvania and the provisions of the Pennsylvania Motor Vehicle Code regulating the operation of motor vehicles on a limited access highway;

v. In failing to operate Unit 1 in conformity with the Pennsylvania Motor Vehicle Code so as to avoid the creation of a dangerous situation for others generally, and Decedent specifically;

w. In failing to comply with the rules and regulations relevant to the legal operation of a motorized vehicle on public roadways; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway);

x.  In failing to operate Unit 1 in compliance with existing motor vehicle laws and traffic conditions while knowing or having reasons to know that interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic could result in serious bodily injury or death from a collision;

y.  In failing to comply with the standard of care established by the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway), so as to avoid against the unreasonable risk of harm to others from a collision;

z.  In operating Unit 1 in manner that was below the standard of care established by the Pennsylvania Motor Vehicle Code; and

aa.  In violating the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway).

48.  At all times relevant hereto, the crash was caused by the negligence, recklessness and carelessness of Defendant Solaris, its agents, ostensible agents, servants, and/or employees and in no way was caused by Decedent.

49.  As a direct, substantial and proximate result of the above acts or omissions of Defendant Solaris, the persons entitled by law to recover damages for Decedent's wrongful death, identified herein, have sustained the following damages and losses set forth more fully in paragraph ¶42-above, which is incorporated by reference.

WHEREFORE, Plaintiff Robert C. Davis, as Administrator of the Estate of Esther Davis, Deceased, and claims damages against Defendant, SOLARIS OILFIELD SITE SERVICES OPERATING, LLC, in a sum in excess of the applicable arbitration limits and demands a trial by jury.

## SURVIVAL

## COUNT III

### ROBERT C. DAVIS, Administrator of the Estate of Esther Davis, Deceased v. SOLARIS OILFIELD SITE SERVICES OPERATING, LLC

50.    Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51.    At all times relevant hereto, Defendant Gomez, as the agent, employee and/or assign of Defendant Solaris, knew or had reason to know that interjecting, suddenly and unexpectedly, into the right-of-way oncoming traffic, without stopping, was outrageous, reckless, willful, and/or a wanton disregard to the rights and safety of others, generally, and Decedent specifically; accordingly, Plaintiff asserts a claim for punitive damages and negligence per se.

52.    In conscious disregard, indifference, and/or reckless indifference to the aforesaid risk(s), Defendant Gomez, as the agent, employee and/or assign of Defendant Solaris, interjected Unit 1, suddenly and unexpectedly, into the right-of-way oncoming traffic in violation of 75 Pa.C.S.A. §3324; accordingly, Plaintiff asserts a claim for punitive damages and negligence per se.

53.    The actions of Defendant Gomez, as the agent, employee and/or assign of Defendant Solaris, by interjecting his motor vehicle, suddenly and unexpectedly, into the right-of-way oncoming traffic, without stopping, at all times relevant hereto, was outrageous, reckless, and willful; and this conduct was a wanton disregard for the rights and safety of others, generally, and Decedent specifically; and, such conduct was in violation of 75 Pa.C.S.A. §3324; accordingly, Plaintiff asserts a claim for punitive damages and negligence per se.

54.    Defendant Solaris knew or had reason to know that Defendant Gomez, as an agent, employee and/or assign, suffered from a medical condition that was likely to result in a loss of consciousness and/or the physical capacity while operating a motor vehicle; likewise, Defendant Gomez also knew or had reason to know he suffered from such a medical condition, thereby creating a high degree of risk of serious bodily injury or death to other persons on the roadway, and to Decedent in particular; accordingly, Plaintiff asserts a claim for punitive damages.

55.     As a direct, substantial and proximate result of the previously described negligence of Defendant Solaris, Decedent suffered the following damages:

   a.  Pain, suffering, anguish, and inconvenience until the time of her death;

   b.  Deprivation of her ability to enjoy the ordinary pleasures of life;

   c.  Impairment of her general health, strength, and vitality;

   d.  Death;

   e.  Punitive damages and exemplary damages, including costs and attorney fees; and

   f.  Other losses and damages recoverable by law.

WHEREFORE, Plaintiff Robert C. Davis, as Administrator of the Estate of Esther Davis, Deceased, and claims damages against Solaris Oilfield Site Services Operating, LLC, including punitive damages and exemplary damages, as well as, costs and attorney fees, in a sum in excess of the applicable arbitration limits and demands a trial by jury.

## COUNT IV

## WRONGFUL DEATH

### ROBERT C. DAVIS, Administrator of the Estate of Esther Davis, Deceased v. MARC GOMEZ

56.     Plaintiff incorporates paragraphs 1 through 55 as if fully set forth herein.

57.     At all times relevant hereto, Defendant Gomez owed a duty to Decedent to exercise the skill and care of a reasonable motorist.

58.     At all times relevant hereto, Defendant Gomez owed a duty to Decedent to maintain his health, mitigate any risks associated with a medical condition that may cause a loss of consciousness or the capacity to safely operate a motor vehicle, including any and all medical directives regarding weight loss, blood pressure, and/or overall a healthy heart.

59.     At all times relevant hereto, Defendant Gomez had a duty to Decedent, motorists, and the public to operate Unit 1 in a reasonable and prudent manner.

60.     At all times relevant hereto, Defendant Gomez failed to possess the good health and/or exercise the skill, care, and prudence ordinarily exhibited by a reasonable motorist.

61.   At all times relevant hereto, Defendant Gomez individually, was negligent, reckless and/or careless in some or all of the following particulars:

    a.   In failing to recognize and/or appropriately screen his health for medical conditions likely to result in a loss of consciousness and/or the physical capacity to safely operate a motor vehicle;

    b.   In allowing himself to operate a motor vehicle without first screening and/or testing for medical conditions likely to result in a loss of consciousness and/or the physical capacity to safely operate a motor vehicle;

    c.   In failing to be aware of, update and/or follow medical directives from medical providers in order to maintain good health and well-being while charged with the care, custody, control and operation of company vehicles;

    d.   In failing to stop Unit 1 from suddenly and unexpectedly interjecting into the right-of-way of oncoming traffic;

    e.   In driving Unit 1 unsafely, dangerously and with a wanton disregard for the rules and regulations of the Pennsylvania Motor Vehicle Code; and, specifically, in violation of 75 Pa.C.S. §3324(A) (Vehicle entering or crossing roadway).

    f.   In failing to stop and/or steer Unit 1 so as to avoid a collision with Decedent or others;

    g.   In failing to recognize the danger of carelessly, recklessly and negligently driving suddenly and unexpectedly into the right-of-way of oncoming traffic on a limited access roadway with vehicles traveling at highway speeds;

    h.   In negligently operating Unit 1 into oncoming traffic;

    i.   In failing to stop Unit 1 before entering the roadway while knowing or having reason to know of the dangers in proceeding in such a careless, reckless and negligent manner;

    j.   In failing to avoid the collision by slowing Unit 1 to a safe and appropriate speed;

    k.   In failing to stop Unit 1 or take other appropriate action so as to avoid the collision;

    l.   In failing to be aware of surroundings, such that the direction of travel and conscious disregard for traffic regulations created an unreasonable risk of harm to others; and specifically by traveling directly into the path of and violently striking Decedent's vehicle;

m. In operating Unit 1 in a dangerous, careless and negligent manner and with a conscious disregard for traffic regulations by driving suddenly and unexpectedly into the right-of-way of oncoming traffic on a limited access roadway with vehicles traveling at highway speeds, so as to cause or allow Unit 1 to strike and/or collide with Decedent's vehicle;

n. In failing to notice the position of other vehicles, generally; and, Decedent, specifically, in sufficient time to prevent the collision;

o. In failing to use the horn so as to make Decedent and other motorists aware of Unit 1's position;

p. In carelessly and negligently maneuvering Unit 1 across a grass median separating traffic on a limited access roadway;

q. In negligently interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

r. In failing to use due care by operating Unit 1 and acting without any regard for the rights and safety of Decedent and other drivers traveling near or around Unit 1;

s. In failing to observe with reasonable care the traffic conditions, including failing to observe speed, angle of approach, and traffic regulations;

t. In allowing attention and awareness to be diverted from the roadway at the aforementioned time;

u. In operating Unit 1 in such a careless and negligent manner in a direction of travel that constituted a conscious disregard of traffic regulations by interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

v. In failing to properly and adequately control Unit 1;

w. In interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic while traveling on a limited access roadway with vehicles moving at highway speeds;

x. In failing to keep a proper lookout;

y. In failing to safely and properly bring Unit 1 to a complete stop prior to interjecting, suddenly and unexpectedly, into the right-of-way of oncoming traffic;

z. In losing control of Unit 1 ;

aa. In continuing to operate Unit 1 in a reckless and dangerous manner after losing control;

bb. In continuing to operate Unit 1 while knowing or having reason to know, in the exercise of reasonable care, that further operation would result in a dangerous collision;

cc. In failing to operate Unit 1 in conformity with the Pennsylvania Motor Vehicle Code so as to avoid the creation of a dangerous situation for others generally, and Decedent specifically;

dd. In failing to comply with the rules and regulations relevant to the legal operation of a motorized vehicle on public roadways; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway);

ee. In failing to operate Unit 1 in compliance with existing motor vehicle laws and traffic conditions while knowing or having reasons to know that interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic could result in serious bodily injury or death from a collision;

ff. In failing to comply with the standard of care established by the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway), so as to avoid against the unreasonable risk of harm to others from a collision;

gg. In operating a Unit 1 below the standard of care established by the Pennsylvania Motor Vehicle Code; and

hh. In violating the provisions of the Pennsylvania Motor Vehicle Code; specifically, 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway).

62.    At all times relevant hereto, as a direct, substantial and proximate result of the above acts or omissions of Defendant Gomez, the persons entitled by law to recover damages for Decedent's wrongful death, identified herein, have sustained the following damages and losses set forth more fully in paragraph ¶ 46-above, which is incorporated by reference.

63.    As a direct, substantial and proximate result of the above acts or omissions of Defendant Gomez, the persons entitled by law to recover damages for Decedent's wrongful death, identified herein, have sustained the following damages and losses as set forth more fully in paragraph ¶ 46-above, which is incorporated by reference.

WHEREFORE, Plaintiff Robert C. Davis, as Administrator of the Estate of Esther Davis, Deceased, and claims damages against Defendant, Marc Gomez, in a sum in excess of the applicable arbitration limits and demands a trial by jury.

## COUNT V

## SURVIVAL

### ROBERT C. DAVIS, Administrator of the Estate of Esther Davis, Deceased v. MARC GOMEZ

64.     Plaintiff incorporates paragraphs 1 through 63 as if fully set forth herein.

65.     At all times relevant hereto, Defendant Gomez, knew or had reason to know he had a medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate Unit 1 safely, and that by his action or inaction of interjecting Unit 1, suddenly and unexpectedly, into the right-of-way of oncoming traffic, it was outrageous, reckless, willful, and/or a wanton disregard to the rights and safety of others, generally, and Decedent specifically, to operate Unit 1; accordingly, Plaintiff asserts a claim for punitive damages.

66.     In conscious disregard, indifference, and/or reckless indifference to the aforesaid risk(s), Defendant Gomez interjected Unit 1, suddenly and unexpectedly, into the right-of-way oncoming traffic in violation of 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway); accordingly, Plaintiff asserts a claim for punitive damages and negligence per se.

67.     The actions of Defendant Gomez, by operating Unit 1 while having a medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate Unit 1 safely, caused him to interject Unit 1, suddenly and unexpectedly, into the right-of-way oncoming traffic when he knew or had reason to know such actions were outrageous, reckless, and willful; and this conduct was a wanton disregard for the rights and safety of others, generally, and Decedent specifically; and, this conduct was a violation of 75 Pa.C.S. §3324 (Vehicle entering or crossing roadway); accordingly, Plaintiff asserts a claim for punitive damages.

68.     At all times relevant hereto, Defendant Gomez knew or had reason to know he suffered from a medical condition which was likely to result in a loss of consciousness and/or the physical capacity to operate Unit 1 safely, thereby creating a high degree of risk of serious bodily injury or death to other persons on the roadway, and to Decedent in particular; accordingly, Plaintiff asserts a claim for punitive damages.

69.     At all times relevant hereto, the crash was caused by the negligence, recklessness and carelessness of Defendant Gomez, and in no way was caused by Decedent.

70.     As a direct, substantial and proximate result of the previously described negligence of Defendant Gomez, Decedent suffered the following damages:

   a.   Pain, suffering, anguish, and inconvenience until the time of her death;

   b.   Deprivation of her ability to enjoy the ordinary pleasures of life;

   c.   Impairment of her general health, strength, and vitality;

   d.   Death;

   e.   Punitive damages and exemplary damages, including costs and attorney fees; and

   f.   Other losses and damages recoverable by law.

   g.   Other losses and damages recoverable by law.

WHEREFORE, Plaintiff Robert C. Davis, as Administrator of the Estate of Esther Davis, Deceased, and claims damages against Marc Gomez, including punitive damages and exemplary damages, as well as, costs and attorney fees, in a sum in excess of the applicable arbitration limits and demands a trial by jury.

Respectfully submitted,

OGG, MURPHY & PERKOSKY, PC

Gary J. Ogg
David Kennedy Houck
Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

## VERIFICATION

I, Robert C. Davis, hereby swear and affirm that I am the Plaintiff in the within action, and that the facts contained in the Second Amended Complaint in Civil Action are true and correct to the best of my information, knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Robert C. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **COMPLAINT IN CIVIL ACTION** was served upon the following this 3 0 day of April , 2019, via First Class US Mail, addressed as follows:

Michael A. Karaffa, Esquire
**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, PC**
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, Pennsylvania 15219
412-803-1140

**OGG, MURPHY & PERKOSKY, PC**

Gary J. Ogg
David Kennedy Houck
Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY,
PENNSYLVANIA

ROBERT C. DAVIS, SR., Administrator )   CIVIL DIVISION
of the Estate of ESTHER DAVIS,       )
Deceased,                            )   No. 2018-5996
                                     )
        Plaintiff,                   )
                                     )   EXHIBIT TO COMPLAINT
    v.                               )   IN CIVIL ACTION
                                     )
SOLARIS OILFIELD SITE SERVICES       )
OPERATING, LLC, a Foreign Entity; and)
MARC GOMEZ, an Individual,           )
                                     )
        Defendants.                  )
                                     )
                                     )

Filed on behalf of:
PLAINTIFF

Counsel of Record:

Gary J. Ogg
PA ID #34515

David Kennedy Houck
PA ID #202280

Eve M. Elsen
PA ID #309653

**Ogg, Murphy & Perkosky, PC**
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500
Firm #568

**JURY TRIAL DEMANDED**

## Short Certificate – Letters of Administration

*Commonwealth of Pennsylvania*  )

)     NO:   '63-18-1135

*County of Washington*  )

I,  MARY JO POKNIS, Register of Wills in and for the County of Washington in the Commonwealth of Pennsylvania, DO HEREBY CERTIFY that on the  20th  day of September, 2018, LETTERS OF ADMINISTRATION  on the Estate of  ESTHER BERNICE DAVIS  deceased, were granted to ROBERT CHARLES DAVIS having first been qualified well and truly to administer the same.   And I further certify that no revocation of said Letters appears of record in my office.

Date of Death   September 6, 2018

Social Security No.   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

Given under my hand and seal of office this 20th day of September, 2018.

_____
*Register of Wills*

NOT VALID WITHOUT ORIGINAL SIGNATURE AND IMPRESSED SEAL



EXHIBIT

1

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that

require filing confidential information and documents differently than non-confidential

information and documents.

Submitted by:   David Kennedy Houck

Signature:

Name:          David Kennedy Houck

Attorney No.:  (if applicable) _202280_